IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:25CR145 |
| vs. | |
| MARVIN ALEMAN ZEPEDA, | FED. R. CRIM. P. 17.1 MEMORANDUM |
| Defendant. | |

    On December 5, 2025, this matter came on for pretrial conference pursuant to Federal Rule of Criminal Procedure 17.1. Assistant United States Attorneys Patrick C. McGee and Kathryn A. Pflug appeared for the Government. CJA counsel Hal W. Oberlander appeared with the Defendant. Certified Court Interpreter Laura Garcia-Hein appeared and interpreted the proceedings from English to Spanish. Prior to the hearing, the Government submitted a Proposed Memorandum for Rule 17.1 Conference, which was addressed by the court. Defendant was provided with an opportunity to meet with his attorney to discuss the matter further. Defendant was advised of his right to remain silent concerning the charges asserted against him.

    The Government recited the current charges and potential penalties. Defendant acknowledged his understanding of those charges and potential penalties.

    The court conducted an inquiry pursuant to *Missouri v. Frye*, 566 U.S. 134 (2012). The Government noted for the record that two plea offers had been extended to Defendant in this matter, including the terms of those plea offers and recommendations concerning particular provisions of the Sentencing Guidelines that may or may not apply pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defense counsel confirmed that he communicated to his client all plea offers made in this matter by the Government and had sufficient time to do so. The Defendant, under oath, confirmed that he understood the plea offers as described, the proposed recommendations concerning the application of sentencing provisions under the Sentencing Gudelines, and that he still wishes to reject the plea offers and proceed to trial. The court finds that he did so knowingly and voluntarily. The Government withdrew its plea offers.

The court then addressed evidentiary stipulations requested by the Government, including that: (1) Victim 1 (Deputy USM) was doing what he was employed by the federal government to do at the time of the alleged incident; (2) the events occurred in Nebraska; and (3) that the Government may use portions (rather than the entirety) of body worn camera footage from the date of the alleged incident, June 10, 2025. Defendant agreed and a written stipulation was signed. The parties to confer further regarding the presentation of video evidence at trial, including foundation and any evidentiary objections.

The parties confirmed they were each prepared to commence trial as scheduled on December 15, 2025. They were directed to review the Trial Order (Filing No. 36) and to comply with any deadlines set forth therein.

Dated this 5th day of December, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge