FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2025 DEC 17  AM 9: 19

OFFICE OF THE CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 8:25CR145 |
| Plaintiff, | |
| v. | **JURY INSTRUCTIONS** |
| MARVIN ALEMAN ZEPEDA, | |
| Defendant. | |

## INSTRUCTION NO. 1
## A. INTRODUCTION

Members of the jury, I will take a few moments to give you some instructions about this case and about your duties as jurors. At the end of the trial, I will give you more instructions. I may also give you instructions during the trial. All instructions—those I give you now and those I give you later, whether they are in writing or given to you orally, are equally important and you must follow them all.

## B. SERVING AS A JUROR ON A CRIMINAL CASE

This is a criminal case brought against the defendant, Marvin Aleman Zepeda, by the United States government. The defendant is charged with voluntarily and intentionally forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer and employee of the United States with a deadly or dangerous weapon while the officer and employee was engaged in the performance of his official duties. That charge is set forth in what is called an indictment, which I will ask the government attorney to summarize for you now. You should understand that an indictment is simply an accusation. It is not evidence of anything. The defendant has pleaded not guilty and is presumed to be innocent unless and until proven guilty beyond a reasonable doubt.

## C. TESTIMONY AND EVIDENCE

It will be your duty to decide from the evidence whether the defendant is guilty or not guilty of the crime charged. From the evidence, you will decide what the facts are. You are entitled to consider the evidence in light of your own observations and experiences in life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law I give you in my instructions and in that way reach your verdict. You are the sole judges of the facts, but you must follow my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only this defendant, not anyone else, is on trial here, and that this defendant is on trial only for the crime charged, not for anything else.

### D.  WHAT IS EVIDENCE?

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by the parties, and any facts that have been judicially noticed—that is, facts that I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence.  I will list those things for you now:

1.     Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2.     Objections are not evidence.  The parties have a right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.     Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4.     Anything you see or hear about this case outside the courtroom is not evidence unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for

3

any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

## E. CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

You must avoid bias, conscious or unconscious, based on a witness's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances in making determinations of credibility.

## F. NO TRANSCRIPT IS AVAILABLE BUT NOTE TAKING IS ALLOWED

At the end of the trial, you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what the witnesses said. My Courtroom Deputy will provide each of you with a pad of paper and a pen or pencil.

If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you

do not hear other answers by the witness. Remember, it is your own individual responsibility to listen carefully to the evidence.

At each recess, leave your notes in the jury room. When you leave at night, they will be secured and will not be read by anyone.

### G. QUESTIONS BY JURORS

I do not allow jurors to ask or present written questions to any witnesses. In other words, I do not allow jurors to question witnesses either directly or indirectly.

### H. BENCH CONFERENCES AND RECESSES

During the trial, it may be necessary for me to talk with the parties out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

### I. CONDUCT OF THE JURY

To ensure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors. You must leave your phone, tablet, computer, or any other wireless communication device in the jury room during the trial and may only use them during breaks. You will have to turn those devices "off" in the jury room during your deliberations.

5

*Third*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and I have accepted your verdict and discharged you as jurors. If someone should try to talk to you about the case during the trial, please report it to my Courtroom Deputy.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, it is because they are not supposed to talk to or visit with you.

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial. You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information about the parties, witnesses, participants, charges, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions. That would not be fair to the parties, and it may result in the verdict being thrown out and the case having to be retried. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device, phone, computer, online service, text or instant-messaging service, website, chat room, blog, or

social media, or any other communication method to provide anyone any information about this case until I accept your verdict.

*Sixth*, do not do any research—on the Internet, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use the Internet, Google Maps, or any other program or device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read any news stories or articles in print, or on the Internet, or in any blog, about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals at all and avoid listening to any television or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend save any stories for you to look at after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do any research, investigation, or experimentation that we do not know about, your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this

country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so.

*Eighth*, you should perform your duties without prejudice or fear, and solely from a fair and impartial consideration of the whole case. Resist any urge to make immediate conclusions about parties, witnesses, and evidence. A quick response, even though not always the result of conscious thought, may influence how we judge people or even how we remember or evaluate evidence. Instead, take the time to reflect carefully and consciously about the evidence. You must not decide this case based on personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases such as stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention.

*Ninth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

## J. OUTLINE OF TRIAL

The trial will proceed in the following manner:

First, the government will make an opening statement. Next, the defendant may, but does not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what a party expects the evidence to be.

The government will then present its evidence and the defendant may cross-examine. Following the government's case, the defendant may, but does not have to, present evidence, testify, or call other witnesses. If the defendant calls witnesses, the government may cross-examine them.

After the presentation of evidence is completed, the parties will make their closing arguments to summarize and interpret the evidence for you. As with opening statements,

8

closing arguments are not evidence.  I will instruct you further on the law.  After that, you will retire to deliberate on your verdict.

## INSTRUCTION NO. 2

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important. This is true even though some of those I gave you during trial are not repeated here.

The instructions I am about to give you now as well as those I gave you at the beginning of the trial are in writing and will be available to you in the jury room. Other instructions I may have given will not be in writing and will not be available. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

## INSTRUCTION NO. 3

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

You must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias.

The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

## INSTRUCTION NO. 4

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, and the documents and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts that have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1.    Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2.    Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.    Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.    Anything you have seen or heard about this case outside the courtroom is not evidence unless I specifically told you otherwise during the trial.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

12

**INSTRUCTION NO. 5**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

## INSTRUCTION NO. 6

The Indictment in this case charges the defendant with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer with a dangerous or deadly weapon while the officer was engaged in the performance of his official duties. The defendant has pleaded not guilty to that charge.

The Indictment is simply the document that formally charges the defendant with the crime for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendant to be innocent. Thus, the defendant began the trial with a clean slate with no evidence against him.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proved during the trial, beyond a reasonable doubt, each element of the crime charged.

There is no burden upon a defendant to prove that he is innocent. Instead, the burden of proof remains on the government throughout the trial. Accordingly, the fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

## INSTRUCTION NO. 7

The crime of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer with a dangerous or deadly weapon while the officer was engaged in the performance of his official duties, as charged in Count I of the Indictment, has three elements, which are:

*One*, on or about June 10, 2025, the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer, Deputy United States Marshal Joseph Shephard, with a deadly or dangerous weapon;

*Two*, the assault, resistance, opposition, impeding, intimidation, or interference was done voluntarily and intentionally; and

*Three*, at the time of the assault, resistance, opposition, impeding, intimidation, or interference, Deputy United States Marshal Joseph Shephard was doing what he was employed by the federal government to do.

An "assault" is any intentional and voluntary attempt or threat to do injury to the person of another, when coupled with the apparent present ability to do so sufficient to put the person against whom the attempt is made in fear of immediate bodily harm.

"Forcibly" means by use of force. Physical force is sufficient but actual physical contact is not required. You may also find that a person who, in fact, has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon such person acts forcibly. In such case, the threat must be a present one.

A "deadly and dangerous weapon" is an object used or threatened to be used in a manner likely to endanger life or inflict serious bodily harm. A weapon intended to cause death or danger but that fails to do so because of a defective component is a deadly or dangerous weapon.

15

If all of the elements have been proved beyond a reasonable doubt as to the defendant, then you must find him guilty of the crime charged. Otherwise, you must find the defendant not guilty of this crime.

## INSTRUCTION NO. 8

Reasonable doubt is doubt based upon reason and common sense and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

## INSTRUCTION NO. 9

The Indictment charges the offense was committed "[o]n or about June 10, 2025." The government must prove that the alleged offense happened reasonably close to that date but is not required to prove it happened on that exact date.

## INSTRUCTION NO. 10

The government and the defendant have stipulated—that is, they have agreed—to the following facts:

*First*, the individual identified as VICTIM 1 in the Indictment is Deputy United States Marshal Joseph Shephard ("Shephard"), who is an employee of the United States Marshals Service. At the time of the events involving Shephard and the defendant on June 10, 2025, Shephard was doing what he was employed by the federal government to do, specifically, assisting in the execution of a federal search warrant.

*Second*, the events alleged in the Indictment all occurred at a business located in Omaha, Nebraska, in the District of Nebraska.

You must therefore treat the above facts as having been proved.

## INSTRUCTION NO. 11

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through my Courtroom Deputy, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise my chambers staff by picking up the telephone in the jury deliberation room (which rings directly to chambers) or by calling (402) 661-7310, that you are ready to return to the courtroom.

Submitted:
December 16, 2025
@ 3:42 p.m.

21