IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>vs.<br><br>MARVIN ALEMAN ZEPEDA,<br><br>                   Defendant. | 8:25CR145<br><br>OBJECTION TO PRESENTENCE INVESTIGATION REPORT AND PLAINTIFF'S STATEMENT |

      COMES NOW Plaintiff, United States of America by and through the undersigned Assistant United States Attorney and provides this written statement.

      The United States object to paragraphs 33 through 41, 71, and 76, of the Presentence Investigation as United States Sentencing Guidelines ("USSG") § 2A2.4 is incorrectly applied to Defendant Aleman Zepeda's conviction under 18 U.S.C. § 111(a)(1). USSG § 2A2.2, "aggravated assault," controls this scenario resulting in a Guidelines sentencing range is 30 - 37 months for the reasons set for below.

      Defendant's conviction falls within the definition of USSG § 2A2.1 Application Note 1(A). re. "aggravated assault."

      [A] felonious assault that involved (A) a dangerous weapon with intent to do bodily harm (i.e. not merely to frighten) [. . . ]

      The "forcible" element of 18 U.S.C. § 111(a)(1) itself satisfies the intent to cause serious bodily injury. Moreover, the evidence and testimony at trial proved that Defendant used a utility knife (box-cutter) with the intent to do bodily injury, not merely to frighten law enforcement. The evidence proved that despite multiple verbal commands to surrender, Defendant hid from Deputy United States Marshals (DUSMs) in a crawl space, covered a robotic camera DUSMs

1

utilized to observe Defendant, and as DUSMs crawled towards Defendant in the crawl space, in the dim light, and while concealed from them behind HVAC equipment, Defendant produced a utility knife from his pocket and extended the blade in anticipation of wielding it at them when they drew near enough. DUSMs ultimately subdued the Defendant with a taser before he was able to use the utility knife to inflict any bodily injury. The evidence does not support a finding that Defendant's possession of the utility knife was "merely to frighten" DUSMs, but rather that Defendant took measures to conceal the utility knife from them entirely before extending the blade with the intent to assault them with it. This is "aggravated assault."

The Second Circuit applied "aggravated assault" upon sentencing for an 18 U.S.C. § 111(a)(1) conviction where officers were escorting a defendant from a federal facility, and once released, the defendant produced a box-cutter from his pocket and officers subdued him before he could inflict bodily injury with it. *United States v. Chestaro*, 197 F.3d 600 (2nd Cir. 1999). There, officers called out "box-cutter," and before the defendant could fully swing it at them, officers grabbed his wrist and restrained him; the district court found "aggravated assault," the Second Circuit upheld that finding. Id. The facts of Chestaro are similar to Defendant's except that in Defendant's case, distance and Defendant's subdual by taser prevented Defendant from having an opportunity to swing the utility knife after he extended the blade.

An assault involving a weapon may constitute a simple assault and not an "aggravated assault" only when the defendant does not intend to use the weapon to do harm, and *United States v. Hood*, 210 F.3d 660, 661, (6th Cir. 2000), appears to show the threshold. In Hood, the Sixth Circuit rejected the district court's application of "aggravated assault" Guidelines upon sentencing for an 18 U.S.C. § 111(a)(1) conviction where a defendant, who law enforcement observed through a window preparing food with a knife, answered the door with the knife in

hand, and then aggressively verbally assaulted or resisted or opposed or impeded or intimidated or interfered with law enforcement, but did not use the knife in a manner consistent with intent to cause serious bodily injury; based on the facts and circumstances of the encounter, law enforcement did not believe she intended to use it to cause injury. The facts of Defendant's case are distinguishable because his intent to use the utility knife was clear. He concealed the utility knife, did not make it known, and extended the blade with the intent to assault DUSMs just as they approached him. Fortunately for all, he was unsuccessful.

USSG § 2A2.1 controls Defendant's conviction for "aggravated assault." The Base Offense Level is 14 ((USSG § 2A2.1(A)). The following Specific Offense Characteristics apply for the following reasons: the assault "involved more than minimal planning" because Defendant hid, laid in wait, and produced a blade in anticipation of assaulting DUSMs—therefore, a two-level increase applies ((U.S.S.G § 2A2.1(b)(1)); Defendant "brandished a utility knife— therefore, a three-level increase applies (U.S.S.G § 2A2.1(b)(2)).

The Total Offense Level is 19. Defendant is in Criminal History Category I. The Guidelines sentencing range is 30 – 37 months.

Dated this 10th day of February, 2026.

        UNITED STATES OF AMERICA,
        Plaintiff

        LESLEY A. WOODS
        United States Attorney

By:   s/ Patrick C. McGee
       PATRICK C. MCGEE, #25522
       Assistant U.S. Attorney
       1620 Dodge Street, Suite 1400
       Omaha, NE  68102-1506
       Tel:  (402) 661-3700
       E-mail:  patrick.mcgee@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants.

I further certify that a true and correct copy of the foregoing was delivered to the following non CM/ECF participant via email.

Lisa M Mayland
U.S. Probation Officer
lisa_mayland@nep.uscourts.gov

                                                s/ Patrick C. McGee
                                                Assistant U.S. Attorney